AMADOR BERMÚDEZ CINTRÓN, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE ARECIBO, SECCIÓN I, recurrido.

Número: O-81-280 Resuelto: 10 de noviembre de 1981

*Gilberto R. Padró Díaz,* abogado del recurrente; el Registrador recurrido compareció *pro se.*

El Juez Asociado Señor Díaz Cruz emitió la opinión del Tribunal.

El recurrente presentó el 16 enero, 1981 al Registro copia certificada de la escritura #131 otorgada en Arecibo el 9 agosto, 1912 ante el notario Sr. Manuel Paz Urdaz, mediante la cual Juan Dionisio Carrión y esposa vendieron una finca de 25 cuerdas en la municipalidad de Arecibo a Juana Conrada Cintrón Vélez, casada con Ramón Bermúdez Vélez. Tiene al calce nota de su inscripción, firmada por el Registrador de la Propiedad el 23 febrero, 1915, al fol. 98 del t. 48 de Arecibo, finca # 2.444 e Inscripción 2da. Dicho documento es parte de la solicitud de reinscripción del título formulada por el recurrente Amador Bermúdez Cintrón quien para acreditar su condición de actual dueño titular de la finca acompañó también copia certificada de resolución del Tribunal Superior de Arecibo que lo declara único y universal heredero de los cónyuges que figuran como compradores de la finca en la citada escritura de 1912. Se interesa la reinscripción porque el libro del Registro que debe contener la inscripción del referido inmueble se halla deteriorado a extremo inservible.

El Registrador denegó la reinscripción del título por faltar los documentos que motivaron las otras inscripciones del inmueble y porque desconoce la cabida; descripción, distinto titular, cargas y gravámenes que pueda tener la finca. Tomó anotación preventiva, y el interesado recurrió.

 De los fundamentos de calificación del Registrador aparece que ha tratado la solicitud de reinscripción, que se limita a la rehabilitación de un asiento, como la reconstrucción del historial completo de la finca antes y después de 23 febrero, 1915 fecha en que se practicó la inscripción segunda que nos ocupa. Los Arts. 203.3 y 203.4 y siguientes del Reglamento para la Ejecución de la Ley Hipotecaria y del Registro de la Propiedad de 1979, (¹) que establecen este procedimiento de reinscripción o rehabilitación de títulos, los individualiza, con el manifiesto propósito de propiciar la reinscripción dentro de posibilidades reales, que asoma a través de todo este articulado del Reglamento: así el Art. 203.7 prohíbe a los Registradores "negar la reinscripción de los títulos que hubiesen sido ya inscritos"; el Art. 203.6 permite a falta del documento con la nota de inscripción, otra prueba fehaciente justificativa del asiento practicado anteriormente; el Art. 204.1 retrotrae la fecha de la reinscripción, a aquella de la anterior nota de inscripción; el Art. 205.1 dispensa el requisito de tracto sucesivo para estas nuevas inscripciones, y el 207.1 las exime de derechos de arancel. El Reglamento no dicta que deje de reproducirse un asiento susceptible de reinscripción, porque no puedan reproducirse también otros asientos relacionados. Sin embargo, la fe pública registral

---

(¹) Art. 203.3—"Los asientos extendidos en los libros del Registro que hubiesen sido destruidos total o parcialmente por virtud de cualquier causa, podrán rehabilitarse presentando nuevamente los documentos a que dichos asientos se refieran, dentro del plazo que fije el Secretario de Justicia quien determinará la fecha en que habrá de empezar a correr tal plazo, anunciándola si a su juicio fuese necesario en uno o más periódicos de circulación general en la isla."

Art. 203.4—"Deberán presentarse en todo caso los títulos que contengan la nota expresiva de haberse verificado el correspondiente asiento en los libros destruidos. También se presentarán los demás documentos relativos a la finca o derecho cuya reinscripción se pretenda y que se encuentren en poder de los interesados siempre que los mismos hubiesen sido registrados o tenidos a la vista por el Registrador al practicar algún asiento y muestren las oportunas notas.

"Reproducido el asiento, el Registrador extenderá y firmará en el mismo título y demás documentos las debidas notas que así lo expresen."

dimanante de estos asientos reconstruidos queda severamente restringida por la suspensión ordenada en el Art. 205.1 del Reglamento, de varios artículos de la Ley referentes a efectos de la inscripción, precaución que se reitera en el Art. 206.1 en su restricción de perjuicio de tercero desde la fecha de reinscripción, si ésta se lleva a efecto transcurrido el plazo para rehabilitación de asientos que según el Art. 203.3 deberá fijar y promulgar el Secretario de Justicia. El propio Reglamento provee seguridad contra perjuicio a tercero, válida preocupación que se percibe en las exigencias del recurrido.

*Con estos antecedentes y fundamentos se revocará la calificación recurrida, y se ordena la reinscripción del inmueble y reproducción del asiento objeto de este recurso, con expresa referencia a la suspensión del efecto de artículos de la Ley Hipotecaria ordenada en el Art. 205.1 de su Reglamento.*